UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| EDWARD J.S. PICARDI, M.D., <br><br> Movant, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | 5:15-CV-05050-JLV <br><br><br> MEMORANDUM OPINION AND ORDER RE: ATTORNEY-CLIENT PRIVILEGE WAIVER AND ORDER FOR EXTENSION |

The government has requested an order directing former defense counsel to respond to movant's claims of ineffective assistance set forth in the Mr. Picardi's under 28 U.S.C. § 2255.  See Docket No. 3.  Mr. Picardi responded in opposition to that motion.  See Docket No. 5.

Mr. Picardi moved for habeas relief on June 22, 2015, alleging various claims of ineffective assistance of counsel.  See Docket No. 1.  This court reviewed that motion and determined that relief was not plainly impossible from the face of the complaint.  See Docket No. 2.  Accordingly, the court ordered that the motion be served on respondent and that the respondent file "an answer or responsive pleading to the motion, together with a legal brief or memorandum," prior to July 23, 2015.  Id.

Mr. Picardi's objection to the government's motion requesting that the court order former defense counsel to provide affidavits is strictly procedural— he makes no argument concerning the substance of the issue presented (i.e.

whether former defense counsel can be required to provide affidavits or whether the assertion of an ineffective assistance claim waives attorney-client privilege). See Docket No. 5. Mr. Picardi argues that, at this juncture of the case, the only permissible move for the government to make is to file an answer. Mr. Picardi also argues that this court ordered the government solely to file an answer. Mr. Picardi additionally asserts that no discovery is available to the government save discovery allowed under the Federal Rules of Criminal Procedure. Mr. Picardi is wrong on all counts.

After initial review, this court did not restrict the government to filing an answer. Rather, this court directed the government to file an "answer *or responsive pleading*" to Mr. Picardi's § 2255 motion. See Docket No. 2 (emphasis added). This is in accordance with the rules governing the procedures for § 2255 actions. Under Rule 4, the court may order the government to "file an answer, motion, or other response" within a particular time. The court allowed the government in this instance to decide whether to file an answer or some other type of responsive pleading. Furthermore, Mr. Picardi is wrong about the types of discovery and evidence that may be pursued and considered in a habeas matter.

Rule 6 provides that the court may authorize a party to conduct discovery under *either* the Federal Rules of Criminal Procedure (which Mr. Picardi acknowledges), or under the Federal Rules of *Civil* Procedure, or presumably both. In addition, Rule 7 directs that, if the court does not dismiss the motion after initial review, the court may direct the parties to expand the

record by submitting additional materials relating to the motion. Affidavits are specifically among those pleadings the court may consider as part of the record under Rule 7.

Here, Mr. Picardi's motion raises many issues of claimed ineffective assistance of counsel. See Docket No. 1. The Eighth Circuit Court of Appeals has recognized that the attorney-client privilege may be impliedly waived when a client attacks his attorney's competence and raises the issue of ineffectiveness or incompetence of counsel. See Tasby v. United States, 504 F.2d 332 (8th Cir. 1974). ABA Model Rule of Professional Conduct 1.6 also recognizes that a disclosure may be impliedly authorized under certain circumstances including when a lawyer must respond to allegations in any proceeding concerning the lawyer's representation of his or her client.

The American Bar Association, however, has issued an opinion advising that former counsel confronted with a client making ineffective assistance of counsel claims, consistent with their ethical obligations (1) may not disclose information imparted to him or her in confidence without first obtaining the informed consent of the former client; and (2) may only disclose such information in "court-supervised testimony." ABA Comm. on Eth. and Prof'l Responsibility, Formal Op. 10-456 (July 14, 2010).

In consideration of the allegations set forth in Mr. Picardi's motion under 28 U.S.C. § 2255 this court has determined that the government cannot respond to the allegations of ineffective assistance of counsel without attorneys Jessica Hinkebein Culotta and Robert Van Norman responding by affidavit to

the specific allegations in the motion concerning their representation of Mr. Picardi. If Mr. Picardi opposes the waiver of the attorney-client privilege as it relates to the specific allegations in his motion under 28 U.S.C. § 2255, those allegations will be stricken from Mr. Picardi's motion under 28 U.S.C. § 2255.

In addition, the government's point regarding Mr. Picardi's current counsel's involvement in the underlying direct appeal is well taken. Although Mr. Picardi argues that his trial counsel, Ms. Culotta and Mr. Van Norman, were ineffective for failing to create a record on certain issues, nevertheless Mr. Murphy, who handled the direct appeal and who appears as counsel in this § 2255 motion, was not precluded from raising these issues on appeal. The result of any failure of trial counsel would simply affect the standard of review on appeal, not whether the issue could be raised on appeal.

Mr. Picardi argues that the present procedure sought by the government has never been approved (or disapproved) by the Eighth Circuit. The court agrees. However, the procedure is not forbidden by the applicable rules governing § 2255 actions, appears to be allowable under those rules, and is an efficient and direct way for both parties and the court to cut to the meat of this matter and present the facts and law with regard to the issues raised by Mr. Picardi. Accordingly, the court will grant the government's motion.

IT IS ORDERED:

1. The respondent's motion [Docket No. 3] directing former defense counsel to respond is granted as follows:

4

  A. That counsel for Mr. Picardi shall send this Order and the attached two Attorney-Client Privilege Waiver forms to Mr. Picardi;

  B. That if the Attorney-Client Privilege Waiver forms are not signed and returned to the Clerk for filing within 30 days, the allegations of ineffective assistance of counsel will be stricken from Mr. Picardi's motion under 28 U.S.C. § 2255;

  C. That if the Attorney-Client Privilege Waiver forms are signed and filed, the Government shall forward a copy of the signed Attorney-Client Privilege Waiver forms to Attorney Jessica Hinkebein Culotta and Robert Van Norman, along with a copy of this Order and Mr. Picardi's § 2255 Motion. Ms. Culotta and Mr. Van Norman shall within 30 days of receiving the Attorney-Client Privilege Waiver forms provide and file with the Clerk an affidavit responding to the specific allegations in the § 2255 Motion concerning their representation of Mr. Picardi.

  D. That counsel for Mr. Picardi shall promptly thereafter serve a copy of Ms. Culotta and Mr. Van Norman's affidavits upon Mr. Picardi.

2. The respondent's motion for extension is granted and the government shall file its response to Mr. Picardi's motion no later than 30 days after Ms. Culotta and Mr. Van Norman's affidavits have been received.

3. Mr. Picardi shall file with the court within 30 days of the date of this order a statement clarifying whether any of his claims of ineffective assistance of counsel concern Mr. Murphy's handling of his direct appeal. If Mr. Murphy's conduct in the direct appeal is implicated by Mr. Picardi's § 2255 motion, the court will entertain further briefing from both parties concerning whether Mr. Murphy should continue to represent Mr. Picardi in this matter.

Dated this 27th day of July, 2015.

           BY THE COURT:

           */s/ Veronica L. Duffy*
           VERONICA L. DUFFY
           United States Magistrate Judge